**LeClairRyan**
*A Professional Corporation*
One Riverfront Plaza
1037 Raymond Boulevard
Newark, New Jersey 07102
(973) 491-3600
Attorneys for Plaintiff, Days Inns Worldwide, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | Civil Action No. 13-cv-02868 (ES) (JAD) |
| Plaintiff, | Hon. Joseph A. Dickson, U.S.M.J. |
| v. | **JOINT DISCOVERY PLAN** |
| JAISHREE, INC., a Utah Corporation; PRAVEEN LAL, an individual; and BINESH PRASAD, an individual, | Initial Scheduling Conference: |
| Defendants, | March 3, 2014 at 2:30 p.m. |
| And | |
| BINESH PRASAD, an individual, | |
| Crossclaim Plaintiff, | |
| v. | |
| JAISHREE, INC., a Utah Corporation; and PRAVEEN LAL, an individual, | |
| Crossclaim Defendants. | |

1.  Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    **On or about April 5, 2001, Days Inns Worldwide, Inc. ("DIW") entered into a license agreement (the "License Agreement") with Jaishree, Inc. ("Jaishree") for the operation of an 42-room Days Inn® guest lodging facility located at 260 Main**

Street, Vernal, Utah 84078, Site No. 04244-91277-2 (the "Facility"), for a fifteen-year term.

Under section 7, section 18.1, and Schedule C of the License Agreement, Jaishree was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"), as well as interest. Pursuant to section 11.2 of the License Agreement, DIW could terminate the License Agreement, with notice to Jaishree, if Jaishree (a) discontinued operating the Facility as a Days Inn® guest lodging establishment or (b) lost possession or the right to possession of the Facility. Further, pursuant to section 12.1 of the License Agreement, Jaishree agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay liquidated damages to DIW in accordance with a formula specified in the License Agreement.

Effective as of the date of the License Agreement, Praveen Lal and Binesh Prasad provided DIW with a guaranty ("Guaranty") of Jaishree's performance and financial obligations under the License Agreement.

On or around September 8, 2011, Jaishree sold the Facility to a third party. By letter dated November 14, 2011, DIW acknowledged Jaishree's termination of the License Agreement, effective September 8, 2011, and advised Jaishree that it was required to pay to DIW as liquidated damages for premature termination the sum of $82,000.00 as required under the License Agreement, and all outstanding Recurring Fees through the date of termination.

To date, defendants have failed to pay liquidated damages, as well as outstanding Recurring Fees that accrued through the date of termination. As such, DIW seeks to recover the following from defendants – Recurring Fees estimated at $129,280.13, inclusive of interest as of February 24, 2014, liquidated damages equal to $82,000.00, interest, and attorneys' fees and costs.

Defendant Binesh Prasad filed an Answer to the Complaint. Prasad generally denies all liability and asserts numerous affirmative defenses. Additionally, Prasad asserts a Counterclaim against DIW for breach of contract and a crossclaim against defendants Jaishree and Praveen Lal for breach of fiduciary duty and fraud. Prasad bases his denial of liability to DIW, his counterclaims, and his crossclaims on the fact that Jaishree, Prasad, and Praveen Lal sold the franchise and facility to a third party on or about November or December 2004, with the alleged consent and approval of DIW in compliance with the License Agreement. Prasad then relinquished all ownership in Jaishree to Lal in early 2005 leaving Praveen Lal as the sole owner of Jaishree. In late 2005, Jaishree purchased the franchise and facility back from the third party without the involvement or knowledge of Prasad. Prasad alleges that, rather than following proper transfer procedures, DIW chose to disregard all transfers and treat the facility and franchise as if no transfers occurred.

> **DIW filed an Answer to the Counterclaim generally denying all liability and asserting standard affirmative defenses.**
>
> **Defendants Jaishree and Praveen Lal have failed to Answer the Complaint or Crossclaim and a Motion for Default Judgment is currently pending against them.**

2. Have settlement discussions taken place?  Yes __X__   No _____

    If so, when?

    (a) What was plaintiff's last demand?
       (1) Monetary demand: __$123,000.00__
       (2) Non-monetary demand: _____
    (b) What was defendant's last offer?
       (1)   Monetary offer: __$20,000.00__
       (2)   Non-monetary offer: _____

3. The parties [**have** _____ **have not** __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    **The parties will exchange the information required by Fed. R. Civ. P. (26)(a)(i) prior to the Initial Scheduling Conference.**

4. Describe any discovery conducted other than the above disclosures.

    **None to date.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    **No motions are currently anticipated.**

6. The parties propose the following:

    (a)   Discovery is needed on the following subjects:

    **(1) Defendants' sale of the Facility to a third party, (2) defendants' failure to pay the Recurring Fees and liquidated damages; (3) defendant Binesh Prasad's Counterclaim; and (4) defendant Binesh Prasad's affirmative defenses.**

    (b)   Should discovery be conducted in phases? If so, explain? **No.**

    (c)   Number of Interrogatories by each party to each other party. **25.**

3

  (d) Maximum Number of Depositions to be taken by each party. **10.**

  (e) Plaintiff's expert report due on **None anticipated.**

  (f) Defendants' expert report due on **None anticipated.**

  (g) Motions to Amend or to add parties to be filed by **May 30, 2014.**

  (h) Dispositive motions to be served within **45** days of completion of discovery.

  (i) Factual discovery to be completed by **September 30, 2014.**

  (j) Expert discovery to be completed by **Not applicable.**

  (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **None anticipated.**

  (l) A pretrial conference may take place on _____.

  (m) Trial by jury or non-jury trial? **Non-jury trial.**

  (n) Trial date: _____.

7. Do you anticipate any discovery problem(s)? **Yes**_____ **No** __X____

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)? **Yes**___ **No** __X____

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time i.e, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

  **Both sides would consider the use of mediation to resolve this dispute.**

10. Is this case appropriate for bifurcation? **Yes**_____**No** __X____

11. We [**do** _____ **do not** ___X___] consent to the trial being conducted by a Magistrate Judge.

4

| | |
|---|---|
| **LeClairRyan**<br>Attorneys for Plaintiff,<br>Days Inns Worldwide, Inc. | **The Orozco Law Group**<br>Attorneys for Defendant,<br>Binesh Prasad |
| By: /s/ *Bryan P. Couch*<br>    **BRYAN P. COUCH** | By: /s/ *Michael Orozco*<br>    **MICHAEL OROZCO** |