NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAYS INNS WORLDWIDE, INC.,

    *Plaintiff*,

v.

JAISHREE, INC., a Utah Corporation;
PRAVEEN LAL, an individual; and BINESH
PRASAD, an individual,

    *Defendants*.

Civil Action No. 13-02868

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Days Inns Worldwide, Inc.'s ("DIW" or "Plaintiff") unopposed motion for default judgment against Defendants Jaishree, Inc. ("Jaishree") and Praveen Lal ("Lal") (collectively "Defendants") under Fed. R. Civ. P. 55(b). D.E. 47. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted.

## II.  FACTS[1] AND PROCEDURAL HISTORY

On or about April 5, 2001, DIW entered into a license agreement (the "Agreement") with Defendants for the operation of a Days Inn® guest lodging facility (the "Facility") located in Vernal, Utah. Complaint ("Compl.") at ¶ 9 (D.E. 1). The Agreement provided Jaishree with a license to operate the Facility for a fifteen-year term and required Jaishree to make certain payments to DIW "for royalties, service assessments, taxes, interest, reservation system user fees, and other fees," which the Agreement collectively referred to as "Recurring Fees." *Id.* at ¶¶ 10-11. According to the Agreement, Jaishree owed interest to DIW on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever is less, accruing from the due date until the amount is paid. *Id.* at ¶ 12.

Jaishree was not permitted to lease, transfer, or assign its interest in the Facility, or cease operating the Facility as a Days Inn®, unless it obtained DIW's prior written consent. *Id.* at ¶ 15. Any attempt by Jaishree to do so would give DIW the right to terminate the Agreement. *Id.* Upon termination of the Agreement, Jaishree agreed to pay liquidated damages to DIW in accordance with a formula set forth in the Agreement. *Id.* at ¶ 17. The Agreement also provided that the non-prevailing party would pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to collect amounts owed under the Agreement. *Id.* at ¶ 18.

Effective the same day as the Agreement, Defendant Lal signed a guaranty (the "Guaranty") agreeing, among other things, that in the event of a default by Jaishree under the Agreement, he would "immediately make each payment and perform or cause [Jaishree] to

---

[1] The facts of this matter derive from the complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

2

perform, each unpaid or underperformed obligation of [Jaishree] under the Agreement."[2] *Id.* at ¶ 20. The Guaranty also provided that Lal would pay all costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the Guaranty and the Agreement. *Id.* at ¶ 21.

On or around September 8, 2011, Jaishree sold the Facility to a third party without obtaining prior consent from DIW. *Id.* at ¶ 22. On November 14, 2011, DIW wrote to Jaishree indicating its unilateral termination of the Agreement and advised Jaishree that it was required to pay DIW liquidated damages for premature termination in the amount of $82,000.00 and all outstanding Recurring Fees as required by the Agreement. *Id.* at ¶ 23.

On May 3, 2013, DIW filed a six-count complaint against Defendants seeking payment of certain Recurring Fees and liquidated damages owed pursuant to the terms of the Agreement and the Guaranty. After being served with the complaint, Defendants Jaishree and Lal failed to answer, move, or otherwise respond. On May 11, 2016, default was entered against Jaishree and Lal.[3] The next day, Plaintiff served a copy of the default on Defendants. D.E. 47-2 at ¶ 13. On August 8, 2016, DIW filed this motion for a default judgment. D.E. 47.

## III. LAW AND ANALYSIS

### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J.

---

[2] Defendant Prasad signed a similar guaranty, however, Prasad was dismissed from this matter on January 29, 2015. D.E. 30.

[3] There is a long, but irrelevant, procedural history accounting for the three-year period between the filing of the complaint and the entry of default. The only material fact to this motion during that three-year period is that Defendants Jaishree and Lal never responded to the complaint.

3

Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### i. Subject Matter Jurisdiction

4

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Compl. at ¶ 1. The complaint indicates that Jaishree is Utah corporation with its principal place of business in Utah and that Lal is a Utah citizen. *Id.* at ¶¶ 2-3. Damages are alleged in excess of $75,000. *Id.* at ¶¶ 5, 34, 42, 46, 50. Accordingly, the Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

"The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, No. 11–5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F.Supp.2d 465, 469 (D.N.J. 1998) (opining that personal jurisdiction can be established solely through a forum selection clause in place of a due process analysis). In this instance, Defendants consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." Compl. at ¶ 6. The Court sees no reason why this freely agreed-upon consent to personal jurisdiction in New Jersey should not be enforced. Therefore, the Court has personal jurisdiction over Defendants.

### iii. **Sufficiency of Proof of Service**

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Jaishree, a corporation, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Lal, an individual, may be served by "delivering a copy of the summons and of the complaint to [him] personally." *Id.* at 4(e)(2)(A).

Here, Lal was personally served with the summons and complaint that was addressed to him. D.E. 45. Lal was also served with the summons and complaint directed to Jaishree. *Id.* According to the complaint, Lal is a principal of Jaishree, and therefore, may accept service on its behalf. Compl. at ¶ 3. As such, the Court finds that both Defendants were properly served.

### C. **Sufficiency of Causes of Action and Damages**

Plaintiff alleges causes of actions for breach of contract seeking damages for the Recurring Fees, liquidated damages, and interest.[4] Compl. at ¶¶ 24-50. "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

Here, Plaintiff adequately pleaded the elements of breach of contract. Plaintiff pleaded (1) the existence of a valid contract and guaranty between Plaintiff and Defendants, (2) that Defendants breached the Agreement and the Guaranty by selling the Facility without Plaintiff's

---

[4] The complaint also seeks damages for "attorneys' fees and costs of suit," however, it does not appear that Plaintiff seeks those amounts in its motion for default judgment. *See* D.E. 47-3 at ¶¶ 16-24.

6

consent, and (3) that Plaintiff was harmed by Defendants' breach through nonpayment of the Recurring Fees and liquidated damages. Plaintiff also adequately pled that it was in compliance with the Agreement. Plaintiff has adequately submitted proof of damages through an affidavit and exhibits demonstrating that $101,864.35 is owed in Recurring fees and $82,000.00 in liquidated damages, plus interest. D.E. 47-3; *see Moroccanoil*, 2015 WL 6673839, at *2 ("Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages."). Accordingly, Plaintiff has sufficiently alleged a cause of action for breach of contract establishing Defendants' liability and damages owed for purposes of this default judgment motion.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Jaishree sold the Facility without DIW's consent in contravention of the clear terms of the Agreement. Second, Plaintiff has been prejudiced by Defendants' failure to answer. Without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*,

No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendants' failure to answer, without providing any reasonable explanation, demonstrates their culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-CV-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### E. Remedies

Plaintiff seeks two forms of compensation, totaling $256,454.15. D.E. 47-3 at ¶ 24. That amount consists of $101,864.35 in Recurring Fees, including principal and prejudgment interest, and $154,589.80 in liquidated damages, including principal and prejudgment interest. *Id.* at ¶¶ 16, 22-23. The Recurring Fees are made up of certain charges that were due pursuant to section 7.3 of the Agreement, which have been itemized and submitted (inclusive of interest) in support of Plaintiff's motion. *Id.* at Ex. E. Under section 12.1 of the Agreement, liquidated damages are calculated by multiplying the number of guest rooms in the Facility by $2000. *Id.* at ¶ 21. At the time that Defendants breached the Agreement, 41 guest rooms were in operation, totaling liquidated damages at $82,000.00. *Id.* The Agreement provides that interest is 18% per year bringing the total amount of interest owed on the liquidated damages to $72,589.80.[5] *Id.* at ¶ 23. Defendants have not appeared in this matter, and as a result, there is no evidence before the Court to contest the accuracy of the damages sought by Plaintiff. Accordingly, Plaintiff is entitled to $256,454.15 in damages.

### IV. CONCLUSION

---

[5] Interest was calculated as of the anticipated return of this motion, September 6, 2016. D.E. 47-3 at ¶ 24.

8

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate order accompanies this opinion.

Dated: January 23, 2017.

John Michael Vazquez, U.S.D.J.